## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Broan NuTone LLC,
     Plaintiff,

v.

Travelers Property Casualty Corp., a Connecticut
corporation, and The Travelers Indemnity
Company of Illinois, an Illinois corporation,
     Defendants.

Case No.: 02-CV-4627

FILED OCT 28 2002

### PLAINTIFF BROAN NUTONE LLC'S SUPPLEMENTAL BRIEF
### AND NOTICE OF WISCONSIN ORDER AND OPINION
### GRANTING BROAN'S MOTION TO SEVER AND TRANSFER

COMES NOW, Plaintiff Broan NuTone, LLC, by and through its counsel, Jack E. Hall, Esq., and Eckert Seamans Cherin & Mellott, LLC., and files the within Plaintiff Broan Nutone LLC's Supplemental Brief And Notice Of Wisconsin Order and Opinion Granting Broan's Motion to Sever and Transfer:

By Order issued and entered October 21, 2002, the Honorable Rudolph T. Randa, Chief Judge of the United States District Court for the Eastern District of Wisconsin, GRANTED Broan's Motion to Sever and Transfer in the action pending there, and a copy of said order was filed with this Court. Said Order set forth that "[a] written Decision and Order shall be issued forthwith," and Broan's Supplemental Brief represented that "Upon receipt of same, said opinion and order will be filed with this Court."

The referenced Decision and Order has now been issued, and is attached hereto for this Court's reference as "Exhibit A."

For the reasons set forth in Broan's prior submissions to this Court, Plaintiff Broan NuTone, LLC, respectfully requests that Travelers' pending motion be denied, and that this matter be allowed to proceed.

Respectfully submitted,

John E. Hall, Esquire
Pa. I.D. No. 11095

Eckert Seamans Cherin & Mellott, LLC
600 Grant Street, 44th Floor
Pittsburgh, PA 15219
(412) 566-6000

Attorney for Plaintiff Broan NuTone LLC

FILED
U.S. DISTRICT COURT EAST. DIST. WISC.

OCT 2 2 2002

AT_____O'CLOCK_____M
SOFRON B. NEDILSKY

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TRAVELERS PROPERTY
CASUALTY CORPORATION, Inc.,

        Plaintiff,

    -vs-                                 Case No. 02-CV-765

BROAN-NUTONE, L.L.C.,

        Defendant.

---

## DECISION AND ORDER

---

        This is a nine-count products liability complaint brought by Travelers Property Casualty Corporation ("Travelers") on August 5, 2002. All nine counts allege that Broan-Nutone, L.L.C.'s ("Broan") defective ceiling fan was the cause of a fire.[1] In all, Travelers seeks to hold Broan liable for ten fires that occurred in eight different states. Furthermore, as the Court explains in more detail below, litigation

---

[1] As noted below, all nine claims allege a Broan fan caused a fire, except for Count VII, which alleges that a Broan fan caused two fires.

Copy mailed to attorneys for parties by the Court pursuant to Rule 77 (d) Federal Rules of Civil Procedures.

AO 72A



EXHIBIT

A

is currently pending in the jurisdiction where the fires occurred with regard to Counts I-VIII. This litigation, all filed before the instant lawsuit, was brought to enjoin Travelers from performing destructive testing on the allegedly defective fans. Most of this litigation is currently pending in federal court, and in each case, Travelers has moved to transfer to this judicial district. However, Broan has moved to sever all nine claims in *this* case, pursuant to FED. R. CIV. P. 21, and to transfer each claim to the United States District Court encompassing the location of the fire pursuant to 28 U.S.C. § 1404(a). For the reasons stated below, Broan's motions are granted.[2][3]

### *Travelers' Claims and Pending Litigation*

Count I relates to a fire that occurred at a commercial hotel in Charlestown, West Virginia. On July 12, 2002, Broan brought suit against Travelers in the Circuit Court of Jefferson County West Virginia. Travelers removed to the United States District Court for the Northern District of West Virginia. The state court granted Broan's motion to enjoin Travelers from performing destructive

---

[2] This Decision and Order is the companion to the Court's October 21, 2002 summary Order which granted Broan's motions to sever and to transfer. That Order indicated that a written Decision and Order would be issued "forthwith".

[3] The Court need not conduct a separate severance analysis. While severance is a prerequisite to transfer, severance is proper merely for the purpose of facilitating transfer. *See Cain v. New York State Bd. of Elections*, 630 F. Supp. 221, 225 (E.D.N.Y. 1986); *see also Apache Prods. Co. v. Employers Ins. of Wausau*, 154 F.R.D. 650, 660 (S.D. Miss. 1994) ("[T]he court has little difficulty concluding that severance for the purpose of facilitating transfer is allowable under the rules.")

2

testing on the Broan fans. Currently pending is Broan's complaint seeking a declaratory judgment that the Broan fan at issue did not cause the fire.

Count II relates to a fire that occurred at the home of Osher Levowitz in Brooklyn, New York. Broan brought suit in the Supreme Court of the State of New York. The court granted Broan's motion to enjoin destructive testing. Broan did not bring a declaratory judgment regarding the cause of the fire.

Count III relates to a fire that occurred at a six-unit apartment complex in Birdsboro, Pennsylvania. On July 12, 2002, Broan brought suit against Travelers in the Eastern District of Pennsylvania. The court granted Broan's motion to enjoin destructive testing. Broan's declaratory judgment action is still pending.

Count IV relates to a fire that occurred at an apartment building in North Canton, Ohio. On July 12, 2002, Broan brought suit against Travelers in the Common Pleas Court in Stark County, Ohio. Travelers removed to the Northern District of Ohio. Broan's motion to enjoin destructive testing was granted in state court. Broan's declaratory judgment action is still pending.

Count V relates to a fire that occurred at an apartment complex in Lexington, Kentucky. On July 12, 2002, Broan brought suit in the Fayette Circuit Court Division, Kentucky. Travelers removed to the Eastern District of Kentucky. The state court granted Broan's motion to enjoin destructive testing. Broan's declaratory judgment action is still pending.

3

AO 72A

**Count VI** relates to a fire that occurred in the restroom of an office building in Memphis, Tennessee. On July 12, 2002, Broan brought suit in the Chancery Court of Shelby County, Tennessee. Travelers removed to the Western District of Tennessee. The state court granted Broan's motion to enjoin destructive testing. Broan's declaratory judgment action is still pending. On October 8, 2002, the Honorable Jon Phipps McCalla denied Travelers' motion to dismiss or, in the alternative, to transfer jurisdiction to the Eastern District of Wisconsin.[4]

**Count VII** relates to two fires that occurred at Genesee Community College in New York. On July 12, 2002, Broan brought suit in the State of New York Supreme Court, Monroe County. Travelers removed to the Western District of New York. The state court granted Broan's motion to enjoin destructive testing. Broan's declaratory judgment action is still pending.

**Count VIII** relates to a fire that occurred at a restaurant in North Arlington, New Jersey. On July 12, 2002, Broan brought suit in the District of New Jersey. The court granted Broan's motion to enjoin destructive testing. Broan's declaratory judgment action is still pending.

---

[4] In all other actions, Travelers' motions to dismiss or to transfer venue are, to the Court's knowledge, still pending. In fact, with regard to Count II, Judge Siracuse of the Supreme Court of Monroe County, New York has preserved ruling on Travelers' motion to transfer pending this Court's ruling.

4

Count IX relates to a fire that occurred at a single story residence in Hampton, Georgia. Aside from the case at bar, there is no other pending litigation regarding this fire.

### Convenience Transfer: 28 U.S.C. § 1404(a)

The change of venue statute provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The transfer decision is within the discretion of the district court. *See Cote v. Wadel*, 796 F.2d 981, 984 (7th Cir. 1986). Reduced to its essence, transfer is appropriate if: "(1) venue is proper in the *transferor* court; (2) venue and jurisdiction are proper in the *transferee* court [*i.e.*, the transferee court is one where it *might have been brought*]; and (3) transfer will serve the convenience of the parties and witnesses and the interest of justice." *Allied Van Lines, Inc. v. Aaron Transfer and Storage, Inc.*, 200 F. Supp. 2d 941, 946 (N.D. Ill. 2002) (emphasis added).[5]

I.    **Convenience Factors**

When analyzing the convenience factors, courts look to: (1) the plaintiff's choice of forum; (2) the situs of material events; (3) the relative ease of access to sources of proof; (4) the convenience of the witnesses; and (5) the

---

[5] The parties do not dispute, and the Court agrees, that the first two threshold requirements have been met.

5

convenience to the parties of litigating in the respective forums. *Id..* For the reasons that follow, the Court concludes that the first four factors, especially the convenience of witnesses, weigh heavily in favor of transfer.[6]

### A.    Travelers' choice of forum v. the "first to file" rule

The plaintiff's choice of forum is "entitled to substantial consideration," *In re Warrick*, 70 F.3d 736, 740 (2d Cir. 1995), but it is entitled to less deference when, as here,[7] the plaintiff does not reside in the chosen forum. *See H.B. Sherman Manuf. Co. v. Rain Bird Nat'l Sales Corp.*, 979 F. Supp. 627, 630 (N.D. Ill. 1997). Furthermore, as noted above, there are declaratory judgment actions pending in other jurisdictions with regard to Claims I and III-VIII. These declaratory judgment actions seek to resolve the liability issue that is also before the Court. Because Broan's declaratory judgment claims were filed before the case at bar, the "first to file" rule is applicable to these claims. The rationale behind the first to file rule is "the inherently fair concept that the party who commenced the first suit should generally be the party to attain its choice of venue." *Ontel Prods., Inc. v. Project Strategies Corp.*, 899 F. Supp. 1144, 1150, (S.D.N.Y. 1995). However, most jurisdictions do not rigidly adhere to the first-filed rule. *See Trippe Mfg. Co. v. American Power Conservation Corp.*, 46 F.3d 624, 629 (7th Cir. 1995); *see also Tempco*

---

[6] The Court concludes that the fifth factor, the convenience of the parties, is an insignificant factor in its analysis.

[7] Travelers is a Connecticut corporation with its principal place of business in Hartford, Connecticut.

6

*Electric Heater Corp. v. Omega Eng., Inc.*, 819 F.2d 746, 750 (7th Cir. 1987); *Boatmen's First Nat. Bank of Kansas City v. KPERS*, 57 F.3d 638, 641 (8th Cir. 1995) ("the first-filed rule is not intended to be rigid, mechanical or inflexible, but is to be applied in the interests of justice"); and *800-Flowers, Inc. v. Intercontinental Florist, Inc.*, 860 F. Supp. 128, 133 (S.D.N.Y. 1994) (it is "well-established that district courts need not slavishly adhere to the first filed rule").

Most pertinent to the present motion, this circuit "does not adhere to a strict 'first to file' rule in situations where it appears a *declaratory judgment action* was filed to preempt litigation in another forum." *Generac Corp. v. Omni Energy Systems, Inc.*, 19 F. Supp. 2d 917, 924 (E.D. Wis. 1998) (emphasis added). The Court has no reason to believe that the declaratory judgment actions brought by Broan were meant only to preempt litigation in this forum. In fact, as noted above, Broan brought suit to enjoin Travelers from conducting "destructive testing" on the fans at issue with regard to the respective fires. It was forced to do so because Travelers insisted upon proceeding with destructive testing despite Broan's requests for postponement. *See* Affidavit of Patrick J. Hodan, Exhibits 1-3. It was perfectly natural for Broan to simultaneously bring a declaratory judgment action regarding its underlying liability. It also would have been more natural for Travelers to bring

7

AO 72A
(Rev.8/82)

a counterclaim in each respective action, as opposed to bringing nine distinct claims in one lawsuit.[8]

### B. Situs of material events; relative ease of access to sources of proof; convenience of witnesses

All of these factors are somewhat interrelated, but the Court will focus on the convenience of witnesses, which has been called "the most powerful factor governing the decision to transfer a case." *Gundle Lining Const. Corp. v. Fireman's Fund Ins. Co.*, 844 F. Supp. 1163, 1166 (S.D. Tex. 1994). To establish liability, Travelers will have to prove more than a defect in the fan. Causation and damages are of course essential elements to tort recovery. Accordingly, because each fire is unique, witnesses to the fire and its aftermath would be highly relevant to Broan's defense. These are almost exclusively non-party witnesses outside of the reach of the Court's subpoena power (*i.e.* firefighters, fire investigators, property owners and repair contractors). Travelers argues that the testimony of these witnesses could be introduced via deposition, but it is beyond dispute that "[d]epositions . . . even when videotaped, are no substitute for live testimony." *In re E. Dist. Repetitive Stress Injury Litig.*, 850 F. Supp. 188, 194 (E.D.N.Y. 1994); *see also* Fed. R. Civ. P. 43, Advisory Committee Notes to 1996 Amendment ("The importance of presenting live

---

[8] Travelers argues that these actions should have no bearing on the Court's decision to transfer because they are procedurally improper and will likely be dismissed. However, as noted above, Judge McCalla has already denied Travelers' motion to dismiss or to transfer to this district, and it appears that the other Judges presiding over these cases have decided to await this Court's ruling. In any event, the Court cannot base its decision today on speculation as to the alleged impropriety of these other actions.

8

testimony in court cannot be forgotten. The very ceremony of trial and the presence of the fact finder may exert a powerful force for truthtelling. The opportunity to judge the demeanor of the witness face to face is accorded great value in our tradition"). Therefore, as it is "the convenience of non-party witnesses, rather than that of party witnesses, that is accorded greater weight in the transfer of venue analysis," *State Street Capital Corp. v. Dente*, 855 F. Supp. 192, 197 (S.D. Tex. 1994), this factor weighs heavily in favor of transfer.[9,10]

## II.    Interests of Justice

The "'interests of justice' include such concerns as assuring speedy trials, trying related litigation together, and having a judge who is familiar with the applicable law try the case." *Heller Financial, Inc. v. Midwhey Powder Company, Inc.*, 883 F.2d 1286, 1293 (7th Cir. 1989). This factor "embraces traditional notions of judicial economy, rather than private interests of the litigants and their witnesses."

---

[9] While Travelers argues that Broan has failed to meet its burden of demonstrating that these potential witnesses would be unwilling to travel to Milwaukee for a trial, Broan does not shoulder such a burden. *See United States v. Coffee*, 113 F. Supp. 2d 751, 755 n. 5 (E.D. Pa. 2000) (citations omitted) (movant need not provide "affidavits or specific showings as to each witness regarding their specific inability to be present at trial or the testimony they would give. Such a requirement is at war with the everyday experience that no reasonable lay person wants to come to federal court for any stranger, and no sane person would have such virtue – to say nothing of the resources and time – to travel 545 miles to court just to be nice.")

[10] It is easy to conclude that the "situs of material events" was the jurisdiction wherein the fire occurred, and furthermore, that the "ease of access to sources of proof" favors transfer to those jurisdictions. While it could be argued that this forum is the "situs of material events" to the extent that the allegedly defective fans were designed and manufactured in the Eastern District of Wisconsin, Travelers has not advanced such an argument. In any event, a cursory review of the case law reveals that, in products liability actions, the location of the *injury*, as opposed to the location of *design and manufacture*, normally controls in a motion to transfer. *See, e.g., Roll v. Tracor, Inc.*, 26 F. Supp. 2d 482, 491 (W.D.N.Y. 1998) (granting motion to transfer products liability case because "as to the locus of operative facts, the event which gave rise to this controversy – *the explosion of the flares which caused plaintiff's injuries* – occurred in Nevada") (emphasis added).

9

*Tensor Group, Inc. v. Allpress Parts and Equipment, Inc.*, 966 F. Supp. 727, 730 (N.D. Ill. 1997). Courts also look to the desirability of resolving controversies in each locale and the relation of each community to the occurrence at issue. *Allied Van Lines* at 946. With the exception of assuring speedy trials,[11] the Court finds that all of these factors favor transfer in the interests of justice.

### A.    Familiarity with applicable law

There is an "appropriateness . . . in having the trial of a diversity case in a forum that is at home with the state law that must govern the case." *Laumann Mfg. Corp. v. Castings USA, Inc.*, 913 F. Supp. 712, 722 (E.D.N.Y. 1996). It is by no means certain that Wisconsin law will apply to the case at bar. There is no choice of law provision that designates Wisconsin law, or any other law, as controlling. Indeed, this highlights a related concern: the potential for conflict of laws issues is enormous. The Court will not engage in a preliminary analysis of potential conflicts between Wisconsin law and Tennessee law (or West Virginia law, or Pennsylvania law, etc.). Suffice it to say that if this Court retained jurisdiction, the Court (and ultimately the jury) could be faced with the application of a separate body of law for each and every count in Travelers' complaint.

---

[11] This factor is a wash, as the median time from filing to trial is either less, more, or the same amount of time in comparison with the Eastern District of Wisconsin depending on the jurisdiction.

10

## B.    Trying related litigation together

These claims are related only in the sense that they allege a Broan fan was defective. As noted above, other issues will obviously drive consideration of Broan's liability. Also, it is not entirely clear that the issue of product defect will be the same among all of Travelers' counts. For example, a Broan model 662/668 fan was found at the fire location in West Virginia, a Broan model 678 fan was found at the fire location in Pennsylvania, and a *NuTone*[12] fan model 663 was discovered at fire location in New York. Duncan Aff., ¶¶ 3-5. Accordingly, there are different fans at issue, fans that were presumably subject to different design tests and manufacturing processes.[13]

### *Conclusion*

The Court is well aware that transfer will require nine separate lawsuits, but the prejudice which would result to Broan if this matter were to proceed as one single case in this jurisdiction far outweighs concerns related to judicial economy. Travelers' claims are not so related that they require consolidation. Transfer is clearly warranted under § 1404(a).

---

[12] NuTone was later acquired by Broan.

[13] Finally, as noted above, *see* fn. 10, *infra*, the jurisdictions wherein each fire occurred are obviously the more "related" communities to these controversies. It is therefore desirable that these controversies be resolved in those locales. *See Hanley v. Omarc, Inc.*, 6 F. Supp. 2d 770, 777 (N.D. Ill. 1998) (citing *Paul v. Land's End, Inc.*, 742 F. Supp. 512, 514 (N.D. Ill. 1990)) ("The administration of justice is served more efficiently when the action is litigated in the forum that is 'closer to the action.'")

11

NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:

1. Broan's motion to sever all nine counts in Travelers' complaint is **GRANTED**; and

2. Broan's motion to transfer venue is **GRANTED**, such that:

   a. <u>Count I</u> is transferred to the Northern District of West Virginia;

   b. <u>Count II</u> is transferred to the Eastern District of New York;

   c. <u>Count III</u> is transferred to the Eastern District of Pennsylvania;

   d. <u>Count IV</u> is transferred to the Northern District of Ohio (Eastern Division);

   e. <u>Count V</u> is transferred to the Eastern District of Kentucky;

   f. <u>Count VI</u> is transferred to the Western District of Tennessee (Western Division);

   g. <u>Count VII</u> is transferred to the Western District of New York;

   h. <u>Count VIII</u> is transferred to the District of New Jersey; and

12

AO 72A
(Rev 8/82)

      i.    <u>Count IX</u> is transferred to the Northern District of Georgia

(Atlanta Division).

Dated at Milwaukee, Wisconsin, this 22nd day of October, 2002.

SO ORDERED,

HON. RUDOLPH T. RANDA
Chief Judge

13

AO 72A

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the within **Plaintiff Broan Nutone LLC's Supplemental Brief And Notice Of Wisconsin Order and Opinion Granting Broan's Motion to Sever and Transfer** has been served upon all parties, or their counsel of record, this 25th day of _October_ 2002 as follows:

Patrick J. Moran, Esq.
Francis R. Gartner & Associates
960-B Harvest Drive, Suite 210
Blue Bell, PA 19422-1969

[ X ] Via Prepaid First Class United States Mail
[ ] Via Overnight Courier Delivery
[ ] Via Facsimile Transmission:
[ ] Via Hand Delivery
[ ] Via Email:

John E. Hall, Esquire